**Date signed January 21, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| JAN ELSTON : | Case No. 04-27840PM |
| : | Chapter 13 |
| Debtor : | |
| -------------------------------- : | |
| CITIFINANCIAL MORTGAGE : | |
|    COMPANY, INC., f/k/a Associates : | |
|    Financial Services Company, Inc. : | |
| Movant : | |
|    vs. : | |
| JAN ELSTON : | |
| GERALD L. ELSTON, Co-Debtor : | |
| Respondents : | |
| -------------------------------- : | |

**MEMORANDUM OF DECISION**

Before the court is the motion of CitiFinancial Mortgage Company, Inc., for reconsideration of this court's Order entered November 30, 2004, denying its Motion for Relief from Stay. The Order contained the notation that there was an ample equity cushion. The court found this from the record in the case, the two secured claims said to be secured by Debtor's residence at 3136 Gershwin Lane, Silver Spring, Maryland, aggregating $139,881.00. Debtor schedules the subject property at $340,000.00. A review of the records of the State Department of Assessments and Taxation reflects that sales on the same street as the Debtor have been in the range of $315,380.00.

Thus, as many courts explain, adequate protection of a secured creditor involves an analysis of the property's "equity cushion," that is, the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims.  *See Nantucket Investors II v. California Federal Bank*, 61 F.3d 197, 207 (CA3 1995).

Movant argues that cause exists for relief from the stay because of Debtor's failure to make any payments to it since the filing of this bankruptcy case under Chapter 13.  This allegation is unopposed.  The court is mystified by the lack of payment on the part of the Debtor and, similarly, the lack of interest on the part of Debtor's counsel to advise the Debtor of Debtor's responsibility to make payment to these creditors as required under the confirmed Second Amended Chapter 13 Plan.  If the Debtor is unable to make these payments, it was incumbent upon counsel to explain the significance of the substantial loss in equity and other costs incurred in the event of a foreclosure.  It appears from the record that counsel has abandoned the Debtor, having received full payment for filing this case under Chapter 13.

An appropriate order will be entered.

cc:
Richard J. Rogers, 600 Baltimore Avenue, Suite 208, Towson, MD 21204
Richard L. Gilman, 8201 Corporate Drive, Suite 1140, Landover, MD 20785
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Jan Elston, 3136 Gershwin Lane, Silver Spring, MD 20904
Gerald L. Elston, 3136 Gershwin Lane, Silver Spring, MD 20904

**End of Memorandum**